# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> MARVIN L. HERNANDEZ, <br><br>     Debtor. | Case No. 07-11413-RGM <br> (Chapter 7) |
| MONEYGRAM PAYMENT SYSTEMS, INC., <br><br>     Plaintiff, <br><br> vs. <br><br> MARVIN L. HERNANDEZ, <br><br>     Defendant. | Adv. Proc. No. 07-1114 |

## MEMORANDUM OPINION

THIS CASE is before the court on motion of MoneyGram Payment Systems, Inc., for a default judgment against Marvin L. Hernandez. The debtor has not filed a timely response to the complaint.

MoneyGram asserts that it entered into an agreement with HERN, Inc., to sell its money orders; that an explicit trust arose between HERN and MoneyGram under the original agreement between them; that HERN sold money orders but did not remit all of the proceeds to MoneyGram as required by the agreement; that the debtor guaranteed the obligations of HERN to MoneyGram; that the debtor was "an owner and/or officer" of HERN; and that the debtor was "one of the persons in control of HERN, Inc.'s money order business operation."

MoneyGram asserts that the debtor is liable to it for the amount not remitted and that the

obligation is not dischargeable in bankruptcy. The guarantee agreement clearly creates an obligation from the debtor to MoneyGram for the amount of funds not remitted. The less clear question is whether the obligation is dischargeable. MoneyGram makes three arguments. The first is that the debtor embezzled the missing money or committed larceny. *See* 11 U.S.C. §523(a)(4). The second, that the conversion of the trust funds was a willful and malicious injury. *See* 11 U.S.C. §523(a)(6). The third, that there was a defalcation by a fiduciary. *See* 11 U.S.C. §523(a)(4).

The complaint does not set forth sufficient facts to support the contention that the debtor committed larceny or embezzlement or that he intended to willfully and maliciously injure MoneyGram. The only thing that the unopposed complaint establishes is that funds were not paid over to MoneyGram as required by the agreement. Non-delivery of the funds does not necessarily equate to embezzlement, larceny, or a willful and malicious injury.

The critical issue is whether the debtor, who is not a party to the agreement but is an officer and/or owner of HERN and a person in control of the money order business operation is a fiduciary under 11 U.S.C. §523(a)(4). HERN is clearly a fiduciary under the agreement. MoneyGram asserts that because the debtor was a guarantor, an officer and/or owner of HERN, and a person in control of the money order business operation, he is liable as a fiduciary. This issue was discussed in a similar case in this court, *Global Express Money Orders, Inc. v. Davis,* 262 B.R. 673, 683-685 (Bankr.E.D.Va. 2007)*aff'd* 173 F.3d 850 (4th Cir. 1999) (unpublished table opinion). This case stands for the proposition that where there is an applicable trust agreement with a corporate entity, the obligations of which are guaranteed by the debtor who is also an officer and a person in control of the corporation's operations in which the defalcation occurred, the debtor's obligation under the guarantee agreement is not dischargeable under 11 U.S.C. §523(a)(4). Here, those facts are properly

alleged and not controverted. Consequently, the obligation of the debtor will not be discharged in this bankruptcy.

    Alexandria, Virginia
    March 3, 2008

                                             /s/ Robert G. Mayer
                                             Robert G. Mayer
                                             United States Bankruptcy Judge

Copy electronically to:

Joseph F. Jackson

Copy mailed to:

Marvin L. Hernandez
606 Austin Lane
Herndon, Virginia 20170

14053